IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 89-322 |
| | : | |
| JAMES COLE | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                       **January 8, 2024**

    This Court convicted James Cole of two separate offenses over thirty years ago: (1) a 1989 conviction as being a felon in possession of a firearm for which Mr. Cole received a sentence of ten months' imprisonment followed by a term of three years' supervised release;[1] and (2) a 1993 conviction for drug and firearms offenses arising from his leadership role in a continuing criminal enterprise leading to a life sentence later affirmed by our Court of Appeals.[2]

    Mr. Cole petitions for a writ of coram nobis. We denied his petition in March 2022 mistakenly understanding he remained in custody for both convictions. Our Court of Appeals vacated our March 2022 Order last month upon the United States also learning custody under his first conviction ended. Our Court of Appeals explained Mr. Cole is no longer "in custody" on his 1989 conviction. Our Court of Appeals recently remanded consistent with the United States' request for our review of his petition.[3] The court expressed no opinion as to whether Mr. Cole can satisfy the remaining requirements for coram nobis relief.[4]

    A writ of coram nobis is an "extraordinary remedy" issued only in "the most limited of circumstances."[5] Our Court of Appeals requires we apply a five-part test before we may grant a writ of coram nobis: "the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid convictions; (3) provides sound reasons for failing to

seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind."[6] We must strictly adhere to our Court of Appeals's five-part test in *Ragbir*.[7]

We now learned Mr. Cole is no longer in custody on his 1989 conviction for being a felon in possession of a firearm meeting our Court of Appeals's first requirement in *Ragbir*. But that is the only element of the five-part test Mr. Cole satisfies. We deny Mr. Cole's petition for coram nobis.

### A. Mr. Cole does not suffer continuing consequences under *Ragbir's* second prong.

Mr. Cole asserts he suffers continuing consequences and meets the second prong of the *Ragbir* test because his 1989 firearm conviction affects the length of his sentence in the 1993 conviction.[8] He contends he received a two-level enhancement in the 1993 conviction enabling the District Court to impose a life sentence. Mr. Cole had a base offense level of 40 in the 1993 conviction, increased by two levels for possession of a firearm, and four levels for a leadership role in the continuing criminal enterprise, for a total offense level of 46. The Sentencing Commission's mandatory Guidelines in 1993 required a life sentence. The Guidelines base offense level today is 38. Mr. Cole contends if the 2-level firearm enhancement based on the 1989 conviction is removed, his total offense level in the 1993 conviction is lowered to 42. Under the current Guidelines, a total offense level of 42 yields a 360-month to life imprisonment allowing Mr. Cole to seek a reduced sentence under 18 U.S.C. § 3582(c)(2).

The United States disagrees, arguing the 2-level firearm enhancement is *not* based on Mr. Cole's 1989 felon in possession of a firearm conviction. It argues the 2-level enhancement is instead based on Mr. Cole's possession of a firearm in the 1993 continuing criminal enterprise

2

drug conspiracy conviction under Section 2D1.1(b)(1) of the Sentencing Guidelines.[9] The United States argues the 2-level enhancement applies regardless of his 1989 felon–in–possession conviction.[10]

We agree with the United States. The current life sentence Mr. Cole is serving under the 1993 continuing criminal enterprise is not affected by the 1989 firearm conviction; there is no continuing consequence of the 1989 conviction. Mr. Cole cannot meet the second prong of the *Ragbir* test and we deny his writ of coram nobis on this ground.

### B. Mr. Cole does not meet *Ragbir's* third and fourth prongs.

The third and fourth prongs of the *Ragbir* test require Mr. Cole to "provid[e] sound reasons for failing to seek relief earlier" and he "had no available remedy at the time of trial." Mr. Cole argues he exercised his rights as early as possible as evidenced by his trial counsel's objection to the prosecution's failure to "prove scienter" and his actual innocence under our Court of Appeals's decision in *De Castro* in support of both the third and fourth *Ragbir* prongs.

With regard to the third *Ragbir* prong, Mr. Cole argues the United States failed to prove in the 1989 felon-in-possession charge he knew his status as a felon made his firearm possession illegal, relying on *Rehaif v. United States*.[11] He also argues he has a Second Amendment right to keep and bear arms under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*[12] and the decision of our Court of Appeals last year in *Range v. Attorney General*.[13]

The United States argues Mr. Cole did not raise the knowing requirement of the felon-in-possession charge until his post-*Rehaif* motions and he is too late to do so under our Court of Appeals's recent decision in *De Castro* and the Supreme Court's decision in *Greer v. United*

3

*States*.[14] Mr. De Castro petitioned for a writ of error coram nobis seeking to vacate his 2017 conviction as an illegal alien in possession of a firearm in violation of section 922(g)((5)(A). Mr. De Castro petitioned over a year after the Supreme Court's 2019 decision in *Rehaif* arguing the United States failed to prove he knew of his illegal or unlawful status prohibiting him from possessing a firearm.

Our Court of Appeals in *De Castro* declined to apply a one-year time limitations for coram nobis petitions, concluding coram nobis petitions require individualized assessment.[15] But the court cautioned a petitioner seeking coram nobis relief "should not mistake the standard as easy to meet simply because it permits some flexibility. Indeed, the 'sound reason' standard is even stricter than" the standard used to evaluate habeas petitions.[16] Our Court of Appeals concluded Mr. De Castro had the ability to challenge his knowledge of immigration status but delayed in doing so for over five years.[17] It held Mr. De Castro failed to provide "sound reason" for delay and rejected his claim he had "no available remedy at the time of trial."[18]

We also reject Mr. Cole's argument he is actually innocent of the 1989 felon–in–possession conviction excusing his procedural default. In *De Castro*, our Court of Appeals looked to the procedural default rule from the habeas context "teach[ing] that a claim not raised on direct review may be raised on habeas only if the petitioner can demonstrate either 'actual innocence' or 'cause' and 'actual prejudice.'"[19] The court explained Mr. De Castro failed to show "cause" or futility of raising a *Rehaif* argument because the defendant in *Rehaif* "argued the same point before [Mr.] De Castro pleaded guilty and Rehaif succeeded on that issue in the Supreme Court."[20] The court went as far as saying "[i]f cause is shown where the argument would require the

4

upending of unanimous lower court authority, we would struggle to find an example better than *Rehaif,* involving the Supreme Court upending a law that was settled by 'a near-unanimous body of lower court authority.'"[21]

The United States argues there would have been no impediment to Mr. Cole making such arguments before the decisions in *Rehaif* and *Range*. We agree and conclude Mr. Cole does not meet the third and fourth prong of the *Ragbir* test. Mr. Cole provides no reason why he could not make a *Rehaif*-type argument or his prosecution violated the Second Amendment either at trial or on direct appeal. Like the petitioner in *De Castro* and the challengers in *Greer*, Mr. Cole could have but did not raise these arguments.

Mr. Cole does not meet the third and fourth prongs of the *Ragbir* test.

### C.  Mr. Cole cannot meet *Ragbir's* fifth prong.

The fifth prong of the *Ragbir* test requires "asserted error(s) of a fundamental kind." Mr. Cole again asserts his actual innocence on the 1989 felon-in-possession conviction under section 922(g). Mr. Cole continues to assert his 1981 indictment and conviction for carrying a firearm without a license, a felony at the time under Pennsylvania law, is a misdemeanor. He then reasons because his 1981 state conviction is only a misdemeanor, he is actually innocent of the 1989 felon-in-possession conviction.

The Pennsylvania General Assembly defines the offense of carrying a firearm with a license as: "[a]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a

valid and lawfully issued license under this chapter commits a felony of the third degree."[22] A third-degree felony is punishable by up to seven years' imprisonment under Pennsylvania law.[23]

In 1997—sixteen years after Mr. Cole's state felony conviction for carrying a firearm without a license—the Pennsylvania General Assembly amended section 6106 to add: "A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree."[24] Mr. Cole contends this means his 1981 state law conviction constitutes a misdemeanor and not a felony for the 1989 felon in possession conviction under section 922(g).

The United States responds by citing Mr. Cole's 1981 state court conviction for carrying a firearm without a license, a felony under Pennsylvania law. The United States explained the provision in Pennsylvania's statute adding the first-degree misdemeanor language did not become effective until years after Mr. Cole's 1981 state court conviction. And, in any case, a first-degree misdemeanor under Pennsylvania law is punishable by up to five years' imprisonment making it a felony as defined in 18 U.S.C. § 921(a)(20)(B).[25] We agree with the United States. There is no error. Mr. Cole fails to meet the fifth prong of the *Ragbir* test.

Failing to meet four of the elements of the *Ragbir* test required for coram nobis relief, we deny Mr. Cole's petition.

6

---

[1] Mr. Cole's 1989 conviction under 18 U.S.C. § 922(g)(1) is based on his 1981 conviction under Pennsylvania law for carrying a firearm without a license, a third-degree felony as defined by Pennsylvania statute. 18 Pa. Cons. Stat. § 6106(a)(1).

[2] *United States v. Cole*, 845 F. Supp. 270 (E.D. Pa. 1994), *aff'd*, 47 F.3d 1162 (3d Cir. 1995) (table).

[3] ECF No. 79.

[4] *Id.* at 4.

[5] *United States v. DeCastro*, 49 F.4th 836, 842 (3d Cir. 2022) (citing *United States v. Denedo*, 556 U.S. 904, 911 (2009)).

[6] *Id.* (quoting *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020)).

[7] *Id.*

[8] ECF No. 76 at 6.

[9] *See Cole*, 845 F. Supp. at 275.

[10] ECF Nos. 75, 78.

[11] 588 U.S. ---, 139 S.Ct. 2191 (2019).

[12] 597 U.S. 1 (2022).

[13] 69 F.4th 96 (3d Cir. 2023).

[14] 593 U.S. ---, 141 S.Ct. 2090 (2021). Our Court of Appeals relied on *Greer* to support its reasoning Mr. De Castro lacked cause for failing to preserve his *Rehaif* argument. In *Greer*, two men convicted of felon-in-possession offenses before the Supreme Court's *Rehaif* decision later challenged their convictions on direct appeal. The Court held neither man is entitled to plain error relief on their unpreserved *Rehaif* claims. One of the men, Mr. Gary, argued his unpreserved *Rehaif* claim is not subject to ordinary plain error review because a "uniform wall of precedent" made a *Rehaif* claim futile. *Greer*, 141 S.Ct. at 2099. The Court rejected the futility argument, reasoning "[a]ll that mattered was that the defendant had failed to raise a contemporaneous objection." *Id.* Our Court of Appeals reasoned the Supreme Court in *Greer* acknowledged *Rehaif* undid a "uniform wall of precedent" from the courts of appeals which is insufficient to show cause

7

and held Mr. De Castro's reliance on a "wall of precedent" making his *Rehaif* argument futile "is no excuse for his failure to preserve a *Rehaif* argument." *De Castro*, 49 F. 4th at 846.

[15] *De Castro*, 49 F.4th at 843–44.

[16] *Id.* at 843.

[17] *Id.* at 844–45.

[18] *Id.* at 845–46.

[19] *Id.* at 845.

[20] *Id.*

[21] *Id.*

[22] 18 Pa. Cons. Stat. § 6106(a)(1).

[23] 18 Pa. Const. Stat. § 1103(3).

[24] 1997 Pa. Legis. Serv. Act. 1997-5 (H.B. 149). The amendment is codified at 18 Pa. Cons. Stat. § 6106(a)(2).

[25] *See* 18 Pa. Cons. Stat. § 1104(1).